## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

MARKS GROUP, LLC,

              Plaintiff,

  v.                                         3:10 - CV - 1898 (CSH)

JASON SCHICIANO, LEVITT-FUIRST
ASSOCIATES, LTD. and STRATHMORE
INSURANCE COMPANY,
                Defendants.

## MEMORANDUM AND ORDER

HAIGHT, Senior District Judge:

### I.    BACKGROUND

Plaintiff Marks Group LLC (herein "plaintiff" or "Marks") has commenced this action against defendants Jason Schiciano (herein "Schiciano"),[1] Levitt-Fuirst Associates, Ltd. (herein "Levitt"), and Strathmore Insurance Company (herein "Strathmore") for negligence and breach of contract arising out of defendants' service with respect to plaintiff's insurance needs, including failure "to properly advise on its insurance needs, adequately procure insurance products, and make payment" pursuant to an insurance policy issued by Strathmore to plaintiff with respect to 150 units of the Willard Square Condominiums ("WSC"),[2] located at 24-20 Willard Square, Hartford,

---

[1]Plaintiff has brought this action against Schiciano individually and as agent, servant, employee, representative, and/or principal" of insurance companies Levitt and Strathmore.

[2]On December 7, 2007, plaintiff purchased 150 WSC units for an amount in excess of $10 million.  Doc. #1, p. 19 (¶ 11).  Plaintiff alleges that prior to December 19, 2007, it sought the advice of defendants Schiciano, Levitt, and Strathmore with regard to plaintiff's insurance

Connecticut.  Doc. #1, p. 1-2 (¶ 1).

On January 6, 2010, a fire broke out at the WSC, creating extensive damage for which plaintiff believed, pursuant to representations by defendants, it was insured.  *Id.*, p. 9 (¶¶ 15-17); p. 10 (¶ 23).  Upon presenting a claim for the WSC fire damage to Schiciano,  plaintiff allegedly learned "for the first time" that it was "not insured for fire  loss," including such damages as "loss of use, rents, income, rebuilding costs and appreciation" of its WSC property.   *Id.*, p. 5  (¶¶ 19-22),  p. 7  (¶¶ 30-31); p. 9 (¶¶ 15-17).  Plaintiff herein seeks to recover those damages for which it believed it had been properly insured.


II.     **ISSUE**

It is incumbent upon a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it.  Where the plaintiff asserts that jurisdiction is based on diversity of citizenship, including an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a)(1) , the Court must ascertain the citizenship of the parties**.**


III.    **DISCUSSION**

A federal court has limited jurisdiction pursuant to Article III of the Constitution.  The Court may exercise subject matter jurisdiction if either (1) plaintiff sets forth a colorable claim arising

---

needs with respect to its WSC units.  *Id.* (¶ 16).   In consequence of those discussions, plaintiff purchased an insurance policy from Strathmore ( Policy #8131M14356)  for "betterments, improvements, and loss of business income" with respect to the WSC.   *Id.*, p. 21, (¶ 22). Plaintiff thus believed that its WSC units were "fully insured inclusive of insurance for betterments, improvements, and loss of business income."  *Id.* (¶ 25).

under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[3] or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000. *Id.* § 1332 (a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

It is incumbent upon the Court to review a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise subject matter jurisdiction *sua sponte* at any time); *Univ. of South Alabama v. American Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

In general, where there is a lack of subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."). *See also Romanella v. Hayward*, 114 F.3d 15, 16 (2d Cir. 1997) (affirming dismissal of action due to lack of subject matter jurisdiction).

In the case at bar, plaintiff's Complaint alleges no facts or circumstances that potentially give

---

[3]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

rise to a federal claim arising under the Constitution or federal statute.  The Court must, therefore, examine *sua sponte* whether, as plaintiff asserts,  there exists diversity of citizenship between the parties.[4]  To do so, the Court must be able to determine the citizenship of the parties as of the date the lawsuit was filed.[5]  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009); *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002). As set forth below, plaintiff's allegations are insufficient to establish diversity of citizenship in this case.

In the Complaint, plaintiff Marks describes  itself as "a Limited Liability Company, registered to do business in the State of Connecticut, with a principal place of business at 891 West Boulevard, Hartford, Connecticut."  Complaint, Doc. #1, p. 2 (¶ 2).  Plaintiff, however, fails to provide the citizenship of each of its members.   Because "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members," *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006), *cert. denied,* 549 U.S. 1047 (2006), it remains unknown whether diversity exists between plaintiff Marks and all defendants in this action.

Furthermore, plaintiff contends and defendant Jason Schiciano "[a]dmit[s] that [he] is a *resident* of 18 Brundige Drive, Goldens Bridge, New York and is an insurance producer licensed in the State of the Connecticut under license number 2324413."   Answer, Doc. #21, p. 1-2 (¶3)(emphasis added).  *See also* Doc. #1, p. 2 (¶ 3).  With respect to an individual's citizenship,

---

[4]"Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Insurance Company v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

[5]The Court acknowledges that plaintiff has asserted that it seeks damages in excess of the jurisdictional amount of $75,000.  Doc. #1, p. 3 (¶ 8).

however, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).  This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See  Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).  Although an individual may have several residences, he or she can have only one domicile.[6] *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992). *See also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)  (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence," and "one can reside in one place but be domiciled in another") (citations omitted).  The allegations in the present Complaint fail to state Schiciano's domicile on the date the action was commenced and thus fail to establish his state of citizenship.

With respect to corporate defendants Levitt and Strathmore, for diversity purposes,   "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Complaint states that Levitt is "an insurance company licensed to do business in the State of Connecticut with a

---

[6]The Second Circuit has described "residency" as "an established abode, for personal or business reasons, permanent for a time." *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992) (internal citations omitted).   "A resident is so determined from the physical fact of that person's living in a particular place," a  "place of general abode . . . without regard to intent." *Id.*

5

principal place of business at 1 Executive Boulevard, Yonkers, New York." Doc. #1, p. 2 (¶ 6). [7]

Similarly, with respect to citizenship, Strathmore is described as "an insurance company licensed

to do business in the state of Connecticut with a principal place of business at 200 Madison Avenue,

New York, New York." *Id.* p. 2-3 (¶7). Absent allegations of the states of incorporation of the

defendant corporations, the Court can make no determination whether diversity exists between

plaintiff Marks and defendants Levitt and Strathmore.


## IV.    **CONCLUSION**

In light of the foregoing, to resolve any doubt regarding this Court's subject matter

jurisdiction, all parties to this action are hereby ORDERED to submit affidavits to the Court, not

later than **December 20, 2011**, stating their citizenship for purposes of federal diversity jurisdiction.

They must also serve these affidavits on all parties to this action on or before **December 20, 2011.**

As a limited liability company, Marks must include in its affidavit a list detailing the state

of citizenship of each of its members on December 3, 2010, the date plaintiff commenced this action.

Individual defendant Schiciano must provide an affidavit proclaiming his own state of

citizenship on December 3, 2010. He must thus declare: (1) the state in which he was *domiciled*

and principally established or his "true fixed home" and (2) the names, if any, of other states in

which he had a residence. If there are additional states in which he maintained a residence, the

affidavit must further provide: (a) the location of all residences he kept and (b) the approximate

---

[7]In a proposed Third Party Complaint, for which this Court has not yet issued leave to
Schiciano and Levitt to file, Levitt states that it is a "domestic corporation organized under the
law of the State of New York with its principal place of business located at One Executive
Boulevard, Yonkers, New York." Doc. #41-2, p. 7 (¶ 5). The Court requests an affidavit
confirming these facts.

length of time he spent at each residence.

Corporate defendants Levitt and Strathmore are each directed to provide and/or confirm the state in which each has been incorporated and the address of its principal place of business.

Furthermore, in the interest of preventing delay should complete diversity be found, the Court hereby directs defendants Schiciano and Levitt to supplement their papers regarding their pending motion for leave to implead Willard Square Condominium Association ("WSCA") (Doc. #41) by providing the citizenship of WSCA, including (if they know or are able to ascertain) the state of its incorporation.[8]   The Court may then consider whether, as Schiciano and Levitt contend, there is subject matter jurisdiction over their proposed third party claim based on diversity of citizenship and/or supplemental jurisdiction.   *See* 28 U.S.C. §§ 1332(a), 1367.


       It is SO ORDERED.
Dated: New Haven, Connecticut
       December 7, 2011


                                          */s/Charles S. Haight, Jr.*
                                          Charles S. Haight, Jr.
                                          Senior United States District Judge


---

       [8]Defendants Schiciano and Levitt have already proffered to the Court WSCA's principal place of business as "50 Willard Street, Hartford, Connecticut."  Doc. #41-2, p. 3 (¶ 7).  They do not, however, include the state in which WSCA was incorporated.

7