UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARKS GROUP, LLC,<br><br>              Plaintiff,<br>v.<br><br>JASON SCHICIANO, LEVITT-FUIRST<br>ASSOCIATES, LTD. and STRATHMORE<br>INSURANCE COMPANY,<br>              Defendants. | 3:10 - CV - 1898 (CSH) |

**MEMORANDUM AND ORDER**

HAIGHT, Senior District Judge:

**I.    BACKGROUND**

Plaintiff Marks Group LLC has commenced this action against defendants Jason Schiciano,[1] Levitt-Fuirst Associates, Ltd., and Strathmore Insurance Company for negligence and breach of contract arising out of defendants' service with respect to plaintiff's insurance needs regarding 150 units of the Willard Square Condominiums ("WSC"),[2] located at 24-20 Willard Square, Hartford, Connecticut.  Doc. #1, p. 1-2 (¶ 1).

---

[1] Plaintiff has brought this action against Schiciano "individually and as agent, servant, employee, representative, and/or principal" of insurance companies Levitt-Fuirst and Strathmore. Doc. #1, para. 1.

[2] On December 7, 2007, plaintiff purchased 150 WSC units for an amount in excess of $10 million.  Doc. #1, p. 19 (¶ 11).  Plaintiff alleges that prior to December 19, 2007, it sought the advice of defendants Schiciano, Levitt-Fuirst, and Strathmore regarding its insurance needs with respect to its WSC units.  *Id.* (¶ 16).  In consequence of those discussions, plaintiff purchased an insurance policy from Strathmore ( Policy #8131M14356)  for "betterments, improvements, and loss of business income" relating to the WSC units.  *Id.*, p. 21, (¶ 22).  Plaintiff thus believed that its WSC units were "fully insured inclusive of insurance for betterments, improvements, and loss of business income."  *Id.* (¶ 25).

On January 6, 2010, a fire erupted at the WSC and damaged plaintiff's property. Plaintiff believed, pursuant to prior representations by defendants, that it was insured for such fire damage. *Id.*, p. 9 (¶¶ 15-17); p. 10 (¶ 23). When, however, plaintiff presented a claim for the WSC fire damage to Schiciano, plaintiff allegedly learned "for the first time" that it was "not insured for fire loss," including such damages as "loss of use, rents, income, rebuilding costs and appreciation" of the WSC units. *Id.*, p. 5 (¶¶ 19-22), p. 7 (¶¶ 30-31); p. 9 (¶¶ 15-17). Consequently, plaintiff filed the present action.

In its complaint, plaintiff has asserted that this Court has subject matter jurisdiction over plaintiff's common law negligence and contract claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). In order for the Court to exercise such jurisdiction, not only must the amount in controversy exceed $75,000, there must be complete diversity of citizenship between plaintiff and all defendants. As set forth in its Order of December 7, 2011 (Doc. #50), familiarity with which is assumed, the Court noted its obligation to determine "at the earliest opportunity" whether there is in fact subject matter jurisdiction.[3] *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997). Moreover, the Court concluded that the Complaint failed to allege sufficient facts to establish the citizenship of each party to the action. The Court thus directed all parties to submit affidavits to the Court, not later than December 20, 2011, stating their citizenship for purposes of federal diversity jurisdiction.

The Court is in receipt of the affidavits and, having reviewed them, concludes, as set forth

---

[3]On the face of the Complaint, it is clear that plaintiff has alleged no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute and thus no alternate basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1331 (creating "federal question" jurisdiction where claim arises under the Constitution or federal statute).

below, that there is not complete diversity of citizenship between plaintiff and all defendants. Because the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1), the action must be dismissed, without prejudice to an action that plaintiff may subsequently file in a court of competent jurisdiction.

## II.   DISCUSSION

Pursuant to Article III of the Constitution, a federal court has limited jurisdiction. It may only exercise subject matter jurisdiction where either: (1) plaintiff sets forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331, for which there is no basis in this action; or (2) there is complete diversity of citizenship between plaintiff and all defendants and the amount in controversy exceeds $75,000, *id.* § 1332 (a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806).  *See also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

In the present case, plaintiff has alleged damages in excess of $75,000. Doc. #1, ¶ 8. The Court must therefore examine the citizenship of the parties to determine whether complete diversity exists between plaintiff and all defendants. *See, e.g., Handelsman v. Bedford Village Assocs. Ltd. Partnership,* 213 F.3d 48, 51-52 (2d Cir. 2000) ("Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'") (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998)); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant") (citing *Owen Equipment & Erection Co.*

*v. Kroger*, 437 U.S. 365, 373 (1978)).  Moreover, "[w]here 'jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced.'" *Catskill Litig. Trust v. Park Place Entm't Corp.* 169 F.A'ppx 658, 660 (2d Cir. 2006) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir.2002)).

### A.    Plaintiff Marks Group, LLC

Plaintiff, Marks Group, LLC, is a limited liability company.[4]  Doc. #1, ¶ 2, Doc. #51, ¶ 4. A limited liability company is a citizen of every state of citizenship of any of its members.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).  *See also Handelsman,* 213 F.3d at 51-52 (applying holding in *Carden* to limited liability company and collecting cases); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006), *cert. denied,* 549 U.S. 1047 (2006) ("The citizenship for diversity purposes of a limited  liability company, . . .  despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Bischoff v. Boar's Head Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) ("For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members.").[5]

---

[4]Under the Connecticut Limited Liability Company Act ("CLLCA"), a limited liability company "means an organization having one or more members that is formed under sections 34-100 to 34-242, inclusive."  Conn. Gen. Stat. § 34–101(10).

[5]*See also* 1 Fed. Proc., L. Ed. § 1:176 on  "[l]imited liability companies" with  respect to "federal diversity jurisdiction":

> Neither a limited liability company's state of organization or the situs of its principal business activity are determinative in deciding its citizenship, for diversity jurisdiction purposes. Rather, a limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.

*Accord* 32A Am. Jur. 2d Federal Courts § 851 (Westlaw Nov. 2011) ("A plaintiff seeking to establish diversity jurisdiction must allege the citizenship of all persons or entities who are

In his affidavit dated December 19, 2011, Robert Sandell, as principal and member of plaintiff Marks Group, LLC, listed its principals on the date the present action was commenced, December 3, 2010, as follows: Martin Carlin, Shawn Carlin, and the affiant Robert Sandell.[6] Doc. #51, ¶ 6. Sandell then specified that "on that date, Martin Carlin had a domicile of 11 Pheasant Ridge, Newtown, Connecticut," *id.*, ¶ 7; Shawn Carlin had a domicile of 162 Boggs Hill Road, Newtown, Connecticut," *id.*, ¶ 8; and Robert Sandell had a domicile of 28 Church Tavern Road, South Salem, NY," *id.*, ¶ 9.

An individual's citizenship for diversity purposes is determined by his or her "domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).[7] Both Martin Carlin and Shawn Carlin were thus citizens of Connecticut and Robert Sandell was a citizen of New York. It thus follows that, for diversity purposes, plaintiff Marks Group was a citizen of the states of Connecticut and New York on the date the action was commenced.

### B. Defendants Jason Schiciano and Levitt-Fuirst Associates, Ltd.

Plaintiff has brought this action against Jason Schiciano "individually and as agent, servant, employee, representative, and/or principal" of insurance companies Levitt-Fuirst and Strathmore. Doc. #1, para. 1. As stated *supra*, for purposes of federal diversity jurisdiction, individual defendant

---

members of a limited liability company.").

[6] Although Sandell's affidavit is dated December 19, 2011, he swore to and signed his affidavit in the presence of a Notary Public on December 16, 2011. Doc. #51.

[7] A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo*, 232 F.3d at 42 (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984).

Schiciano was a citizen of the state of his domicile on the date the action commenced.

Schiciano's affidavit (Doc. #52, filed 12/19/2011) specifies that he is president of co-defendant Levitt-Fuirst Associates, Ltd., and that "[p]ersonally, [his] home at all relevant times, including December 3, 2010, has been 18 Brundige Drive, Golden Bridge, New York." Doc. #52, ¶¶ 1, 3. Moreover, this home was his "true fixed home and principal establishment, and the place to which, whenever [he is] absent," he intends to return. *Id.*, ¶ 3. For diversity purposes, Schiciano was thus a citizen of the state of New York when the case at bar commenced.[8]

With respect to Levitt-Fuirst Associates, Ltd., Schiciano clarified that it "is a domestic business corporation, incorporated under the laws of the State of New York" and its "principal place of business on December 3, 2010, and at all other relevant times" to this action, is and has been "One Executive Boulevard, Yonkers, New York." *Id.,* ¶ 2. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, for diversity purposes in this action, defendant Levitt-Fuirst Associates was a citizen the state of New York.

### C.     **Defendant Strathmore Insurance Company**

Francis B. Orlando, as "Associate General Counsel for Strathmore Insurance Company," submitted an affidavit to the Court regarding Strathmore's citizenship for diversity purposes. Doc. #54 (filed 12/19/2011). In his affidavit, Orlando stated that "Strathmore Insurance Company is incorporated in the State of New York," *id.*, ¶ 4, and has its principal place of business "located at

---

[8]Schiciano also informed the Court in his affidavit that he has a vacation home, a condominium in Stratton, Vermont, which he purchased in September of 2010. Doc. #52, ¶ 4. He clarified, however, that his Vermont condominium has been used exclusively as a "vacation destination" and he has only spent a total of "about 25 days" there since its purchase. *Id.*

200 Madison Avenue, New York, New York," *id.*, ¶ 5.[9]  As set forth *supra*, for diversity purposes, corporate defendant Strathmore Insurance Company is and was a citizen of the state of New York.

### D.  Lack of Diversity

Upon review of the affidavits submitted by all parties, the Court has determined that complete diversity is lacking between plaintiff and all defendants.  Plaintiff Marks Group, a limited liability company, is a citizen of every state of citizenship of its members, namely Connecticut and New York – *i.e.*, the states where its three members were domiciled on December 3, 2010, the date the action was commenced.  Individual defendant Schiciano is a citizen of New York, the state of his domicile when the action commenced.  Corporate defendants Levitt-Fuirst Associates and Strathmore Insurance Company are citizens of New York, the state where each was incorporated and the situs of both corporations' principal place of business.  Thus, and most importantly for purposes of diversity, because the state of citizenship of Robert Sandell, a principal and member of plaintiff Marks Group, is New York, he and consequently the Marks Group shared New York citizenship with all three defendants on the date the action was filed.  Where there is not complete diversity of citizenship between plaintiff and all defendants, the Court lacks subject matter jurisdiction over the action and must order its dismissal.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[9]In his affidavit Orlando indicated only one location for Strathmore Insurance Company's principal place of business without reference to time. Doc. #54, ¶5.  Because the Court directed the parties to provide facts pertaining to citizenship *on the date the action was commenced*, the Court accepts, unless or until otherwise informed, that the address provided applies to the date the action was filed.

### III.     CONCLUSION

The Court has carefully reviewed the parties' affidavits regarding citizenship and has determined that it lacks federal subject matter jurisdiction over this action.  Specifically, when the action commenced, a principal member of plaintiff Marks Group, LLC, Robert Sandell, was a citizen of New York, which was the state of citizenship of all three defendants.  Accordingly, where there is no complete diversity of citizenship, pursuant to 29 U.S.C. § 1332(a)(1), and no colorable claim arising under the Constitution or federal statute to create "federal question" jurisdiction, 28 U.S.C. § 1331, the Court lacks subject matter jurisdiction and hence DISMISSES the action without prejudice.  The Clerk is directed to close the file.


        It is SO ORDERED.
Dated: New Haven, Connecticut
            December  28, 2011


                                                                    /s/Charles S. Haight, Jr.
                                                            Charles S. Haight, Jr.
                                                            Senior United States District Judge